ALEXANDER, (CONWAY v.)

[See Conway v. Alexander, Case No. 3,146.]

ALEXANDER, (DUNLOP v.)

[See Dunlop v. Alexander, Case No. 4,166.]

## Case No. 167.

### ALEXANDER v. GALLOWAY.

[Abb. Adm. 261.][1]

District Court, S. D. New York. April, 1848.

SEAMEN — FORFEITURE OF WAGES FOR THEFT OF CARGO—ACQUITTAL IN CRIMINAL PROCEEDINGS.

1. The theft of a portion of a cargo, by a mariner, works an absolute forfeiture of wages.
[See Mariners v. The Kensington, Case No. 9,085.]

2. The fact that the seaman has been acquitted on a criminal trial for the larceny of a part of the cargo, is not conclusive to rebut the charge when set up as a defense against his suit for wages.

[In admiralty. Libel for wages. Dismissed.]

This was a libel in personam, by William Alexander against Joseph Galloway, master of the ship Columbia, to recover seamen's wages. On the hearing of this cause, the libellant having proved his employment on board of the Columbia by the respondent, and the earning of wages, as alleged in the libel, the respondent put in evidence tending very strongly to show that, on the arrival of the Columbia at this port, the libellant stole from the cargo, with connivance of the second mate, a bale of cotton, which he took on shore for sale. This act was relied upon by the defence as a forfeiture of wages. To rebut this defence, the libellant introduced the record of his trial and acquittal in the New York court of sessions on the charge of the alleged larceny.

J. Murroughs, for libelant.

Burr & Benedict, for respondent.

• BETTS, District Judge. The defence establishes a case of unqualified plunder and purloining of a part of the cargo by the libellant on the arrival of the ship in this port; and the circumstances afford strong reason to believe that the theft was committed with deliberation, and in pursuance of a pre-considered arrangement. Such gross dereliction of duty to the ship completely annihilates all claim to wages, without regard to the value of the property stolen. Cons. del Mare, cc.

[1][Reported by Abbott Bros.]

167, 173. The mere embezzlement of cargo, or the improper use of it, or the doing an injury to it through fraud or negligence, is cause of forfeiture of wages, although it is ordinarily visited only by an abatement of wages to the amount of the ship's loss. Mason v. The Blaireau, 2 Cranch, [6 U. S.] 267; Abb. Shipp. 652. See, also, the case of Scott v. Russell, [Case No. 12,546.] But a case of premeditated thieving draws after it the forfeiture of all wages due the mariner upon the voyage. This penalty is no more severe than is appropriate to the offence. The wrong is one for which the master would be fully justified in discharging the seaman from the ship during the voyage; and offences of that class may always carry with them a forfeiture of wages. Abb. Shipp. 652. Libel dismissed with costs.